Brockenrrougií, J.
This case differs from Kyles & Co. v. Connelly, in a very material respect. There, tlie condition of the attachment bond, after reciting that Campbell one of the firm of Kyles & Co. had sued out the attachment, declared, that if the said Campbell, one of the partners of the said firm, should satisfy all the costs and damages which the debtor should recover against him as one of the said partners, for suing out the attachment, then the bond was to be void, otherwise not. It clearly shewed, that the partner sued out the attachment for and in behalf of the firm, and that the firm, and not the individual partner, was the creditor, and that his liability was to be established on his failure to prove the claim of the firm, and their right to judgment under the attachment. But in this case, the condition only recites that Samuel Ford had sued out the attachment, and binds him, in case he shall be cast in the suit, to pay the costs and damages. It thus appears from the bond, that he was the creditor, and not the firm of Jones Sf Ford, whose names are not once mentioned. It varies essentially from the attachment, which was rightly quashed.
The judgment should be affirmed.
Carr, J.
This is a case of attachment; which being a summary process, and liable to abuse, ought to be carefully watched by the courts, and kept within the bounds proscribed by the statute. I do not mean, that the party must be held to the very letter, and that the slightest departure from it is to be caught at, to set aside the proceeding; but that there should be, at least, strictness and certainty to what my lord Coke calls “ a common intent in general.” The objection here is, that the bond taken by the justice does not so describe the attachment, as to enable the defendant to recover (in case he should succeed) any costs and damages he may ha,vo sustained from suing it out. And the question is, whether the bond is good ? whether it is such a bond as *312 the statute requires? I thought at first, that this bond was substantially good, and that the case of Kyles & Co. v. Connelly governed this ; but a comparison of the two cases has changed this opinion. There, as here, the debt was due to a partnership, and one of the partners sued out the attachment: there, as here, this partner gave the bond and security: but there, the condition of the bond was, that whereas H. Campbell one of- the firm of Kyles & Co. had obtained the attachment against the estate of Connelly &c. if, therefore, the said H. Campbell one of the partners of Kyles Sf Co. should satisfy all costs &c. in cas.e the said H. Campbell one of the partners of Kyles Sf Co. should be cast in the said suit, and also all damages which should be recovered against the said H. Campbell one of the partners of Kyles Sf Co. for suing out the attachment, then &c. One question (but by no means considered a prominent one, by the court or bar) was, whether this was such a bond as Connelly could recover on, for costs incurred, or damages suffered, by the attachment of Kyles & Co. The court thought it was; and, as I think, with good reason. It did not consider the styling Campbell (wherever named) a partner of the firm of Kyles Sf Co. a merorLescriptio persona, as if he had been called “ H. Campbell of Lynchburg;” but when it said that H. Campbell, one of the firm, had sued out the attachment, and that H. Campbell one of the firm would pay all damages &c. it clearly enough indicated, that it was a debt of the firm for which he was attaching. And if the present case had followed that, in this particular, I should have been for deciding it in the same way; but it varies materially. The attachment is for a debt to Jones S¡ Ford; and the condition of the bond describes it as an attachment sued out by Ford, not as partner of the firm, but individually; at least, such is the natural conclusion. I am not sure, . that this might not be supplied by averment; but as my brethren think differently, and this is a summary *313 proceeding, I unite with them in considering the bond not such as the statute requires, and that the judgment must be affirmed.
Cabell, J. concurred.
Ttjoker, P.
In Mantz v. Hendley, 2 Hen. & Munf. 308. it was decided, that an attachment irregularly issued ought to be quashed by the court ex officio, and if so, any person as amicus enrice might move to quash it. A fortiori might Anderson and MdCormick do so, who were permitted to interplead, and who may have been deeply interested in the question of the validity of the attachment.
Was the attachment regular ? The only objection made to it is the defective character of the bond. The statute requires the bond to be given by the party for lohom the attachment issues, but this requisition is satisfied in the case of a partnership demand, by one of the firm giving bond. This was decided by the circuit court of Henrico in the case of Wilson & Co. v. Turpin, (cited Tate’s Dig. 36.) and has since been settled by the case of Kyles Sf Co. v. Connelly. But it is contended, that this bond is defective, because the attachment was for a demand due to the firm of Jones Sf Ford; whereas the bond contains no reference to such a firm, but is precisely such a bond as ought to have been executed by Ford, if the attachment had really been for his individual debt. And I think the objection fatal. In this summary proceeding, which is unknown to the common law, it is conceded that great strictness must be observed. It is obvious, that the very jurisdiction of the court depends upon the regularity of the attachment. In ordinary cases, the capias issued according to the accustomed course of the court, gives to it jurisdiction over any cause. But when an extra-ordinary process, not issued by the officer of the court, but issued *314 by a magistrate in the country, is made the foundation J f. . . , f ot the jurisdiction, it is the first duty oí the court to see by what authority a justice of the peace has invested it with power over the cause. Hence, it is the duty of the court, in attachment cases, to examine into the regularity of the attachment; hence too, all the papers connected with the issuing of the attachment are properly parts of the record; and hence, the court may ex officio dismiss an irregular attachment; for it must always be ex officio the duty of every court, to disclaim a jurisdiction which it is not entitled to exercise. To do otherwise, would be to usurp a power not confided by the laws.
If then the court must examine into the regularity of the attachment, and quash it ex officio if it has issued without pursuing the requisitions of the law, I think it follows, that the regularity of the proceeding must appear upon the face of the papers, and cannot be made to depend upon averments and extrinsic evidence. Looking at the bond in this light, could the court have pronounced, that a bond had been given according to law on suing out the attachment ? The attachment is sued out for Jones If Ford: the bond is given by Ford alone, and not as a member of the firm of Jones df Ford; whereas the law requires, that the bond, shall be given by the party for whom the attachment issued. Moreover, it does not recite that an attachment issued for a demand of Jones dp Ford, but it would seem to be for a demand of Ford alone; for the company is no where referred to. ■•■Hqsg could the court judicially know, that there 'wer¿-®Q.t *£wo attachments, one for the company, in which tlfersi was no bond, and one for Ford himself in .wbicTSfljhisfaond was given? It is impossible. It could only be sa&sfied of the contrary by proof aliunde, that this bond was designed for this attachment. But such proof- wóuld be an anomaly in the proceedings of our courts, where in the much plainer cases of forthcoming *315 bonds and appeal bonds, misrecitals of the judgment or execution, to the amount of a farthing, are held to be fatal, and incurable by evidence aliunde.
In addition to these considerations, we must look to the difficulties which would beset the obligee, in an action on this bond, in the event of the plaintiffs’ defeat in this attachment. In the estimation of the law, Samuel Ford is a different person from Jones Sf Ford. Then, attempt to set out a breach of the condition, “that Ford shall pay all costs that shall be awarded to Watson, in case Ford (not Jones &f Ford) shall he cast in the suit.” But Ford never can be cast in the suit, for it is not his suit; it is Jones 8f Ford’s suit; and proof that Jones &f Ford were cast would not be within the condition of the bond. Moreover, the bond having had no reference whatever to the issue of an attachment by the company, the words of the condition cannot be strained to comprehend any such attachment; and to permit oral evidence to fix a liability which docs not appear upon the face of the bond, would be to charge the sureties beyond their undertaking. Therefore, I do not think that Watson, upon succeeding in this case, can successfully charge the sureties in the bond, though Ford himself may be liable for suing out an irregular attachment.
The case of Kyles & Co v. Connelly has been cited. I find, by adverting to the argument, that this point was pressed by counsel, though it was not distinctly noticed by the court. Wc must, however, suppose it to have been decided, and must therefore see if there is any material distinction between that case and this fess I am not satisfied that there is. Yet that the court may, in that case, have beSn^BSlisfied that there was enough in the condition of llifc shew that the attachment was for a partnership de mand. The phraseology of the bond in th^t in this, is very different. There the name o. the obligor, is never mentioned without the addition of *316 the words one of the firm of Kyles & Co. Reciting, therefore, that Campbell one of the firm had obtained the attachment, it may have been considered, that it sufficiently appeared that he obtained it as one of the firm, and of course not for himself but for the firm. If so, then the residue of the condition must have been considered as having reference to the partnership demand, and so the bond came within the requisitions of the law. Supposing the court to have proceeded upon this ground, that case does not rule this, as here the firm is no where named in the bond. I am therefore of opinion, that the judgment be affirmed.
Judgment affirmed.